**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEORGE M. PAPA, and DEBRA JO PAPA, husband and wife,<br><br>       Plaintiffs,<br><br>v.<br><br>STATE OF ARIZONA; ARIZONA COURT OF APPEALS, DIVISION ONE; ARIZONA SUPREME COURT; RUTH V. MCGREGOR; JOHN C. GEMMILL; and ARIZONA COMMISSION ON JUDICIAL CONDUCT,<br><br>       Defendants. | No. CV 06-3060-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiffs George and Debra Papa's ("Plaintiffs") motion for the Court to give verification that it will entertain or grant Plaintiffs' motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. #33). After reviewing the pleadings, the Court will decline to entertain Plaintiffs' motion.

On July 5, 2007, the Court *sua sponte* found that the Rooker-Feldman doctrine divested the Court of subject matter jurisdiction over Plaintiffs' complaint. (Dkt. #26). As such, the Court granted Defendants' motion to dismiss to the extent that it sought dismissal of Plaintiffs' lawsuit, and thus denied as moot Plaintiffs' motion for summary judgment, request to expedite judgment, and motion for entry of default. (Id., p.7). Plaintiffs subsequently appealed the Court's decision to the United States Court of Appeals for the

1  Ninth Circuit. (Dkt. #28). On January 16, 2008, the Acting Clerk of the Court for the Ninth
2  Circuit issued an order that denied Plaintiffs' opposed motion for a limited remand "without
3  prejudice to renewed motion that provides the court with verification that the district court
4  is willing to consider appellants' motion. See Crateo, Inc. v. Intermark, Inc., 536 F.2d 862,
5  cert. denied, 429 U.S. 896 (1976)." Then, on January 30, 2008, Plaintiffs filed the instant
6  motion requesting that the Court indicate that it would either entertain Plaintiffs' Rule 60(b)
7  motion or grant such a motion.

8       The instant motion, as well as the Ninth Circuit's January 16, 2008 order, derives from
9  the following passage in Crateo, Inc. v. Intermark, Inc.: "Because of the pending appeal, the
10 District Court had no jurisdiction to enter an order under Rule 60(b). The most the District
11 Court could do was to either indicate that it would 'entertain' such a motion or indicate that
12 it would grant such a motion. If appellant had received such an indication, its next step
13 would have been to apply to this Court for a remand." 536 F.2d 862, 869 (9th Cir. 1976),
14 cert. denied, 429 U.S. 896 (1976). As such, because this lawsuit is currently on appeal before
15 the Ninth Circuit and the Court retains no jurisdiction to enter an order under Rule 60(b), the
16 most the Court can do is to indicate whether it would entertain or grant Plaintiffs' Rule 60(b)
17 motion if the matter were to come before the Court on the basis of a limited remand from the
18 Ninth Circuit.

19      Motions for reconsideration are disfavored and are only appropriate if the Court "(1)
20 is presented with newly discovered evidence, (2) committed clear error or the initial decision
21 was manifestly unjust, or (3) if there is an intervening change in controlling law." School
22 Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), *cert.*
23 *denied*, 114 S.Ct. 2742 (1994). A motion for reconsideration is not the time to ask the Court
24 to rethink what it has already thought. See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936,
25 938 (D.Ariz. 2003) (citation omitted). Accordingly, courts grant such motions only in rare
26 circumstances. See Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09 (D.Ariz.
27 1992).

28

Here, Plaintiffs contend that their case meets the limited circumstances of "mistake, inadvertence, surprise, or excusable neglect," and thus warrants reconsideration under Rule 60(b). Plaintiffs contend (1) that it was improper for the Court to *sua sponte* find that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine because Defendants did not argue for dismissal on that basis in their motion to dismiss (Dkt. #35, pp. 1-3); and (2) that the Court was wrong to find that the Rooker-Feldman doctrine applied because Plaintiffs allegedly do not challenge the Arizona state courts' judgments, but rather their rejection of Plaintiffs' multiple motions for reconsideration "without even remotely considering whether or not there was merit or authorization for this relief." (Dkt. #36, p.2). First, in its July 5, 2007 order, the Court cited to Scholastic Entertainment, Inc. v. Fox Entertainment, 336 F.3d 982, 985 (9th Cir. 2003), for the well-established proposition that a district court has the authority to dismiss an action *sua sponte* for lack of jurisdiction. The Court finds no reason to revisit this decision. Further, the Court finds that Plaintiffs' contention of surprise at the Court's holding that the Rooker-Feldman doctrine applied in this case is somewhat disingenuous since, although Defendants did not argue that the doctrine applied to this case in their motion to dismiss, Plaintiffs themselves addressed the Rooker-Feldman doctrine in their complaint and argued that the doctrine did not divest the Court of jurisdiction. (Dkt. #1, pp. 26-31).

Second, the Court finds no reason to revisit its decision that the Rooker-Feldman doctrine does in fact divest the Court of subject matter jurisdiction over Plaintiffs' complaint. As the Court stated in its July 5, 2007 order, "Plaintiffs' entire complaint appears to be based upon the premise that the Superior Courts, the Arizona Court of Appeals and the Arizona Supreme Court erroneously decided Plaintiffs' suits and erroneously determined Plaintiffs' appeals. This Court does not have the authority to review such issues." (Dkt. #26, p.6). The Court remains steadfast in its determination that it lacks jurisdiction over Plaintiffs' complaint based on the finding that Plaintiffs' complaint constitutes a de facto appeal under the Rooker-Feldman doctrine. District Courts do not have jurisdiction over challenges to a state court's decision in particular cases arising out of judicial proceedings even if those

challenges allege that the state court's action was unconstitutional. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). However, the Court notes that District Courts do "have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case." Id.

In the instant action, Plaintiffs attempt to draw a distinction between the elements of their complaint that challenge the state courts' decisions to summarily reject their multitudinous motions for reconsideration and the elements of their complaint that attack the state courts' judgments on the merits of Plaintiff's lawsuit. However, such a distinction here is one without meaning. Plaintiffs' challenge to the summary rejection of their multitudinous motions for reconsideration is inextricably intertwined with Plaintiffs' de facto challenge to the judgments on the merits of their lawsuit. See Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003) ("As a practical matter, the 'inextricably intertwined' test of Feldman is likely to apply primarily in cases in which the state court both promulgates and applies the rule at issue-that is, to the category of cases in which the local court has acted in both legislative and a judicial capacity-and in which the loser in state court later challenges in federal court both the rule and its application."). As such, the Court will not entertain, and is not likely to grant, Plaintiffs' Rule 60(b) motion for reconsideration.

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiffs' motion for the Court to give verification that it will grant Plaintiffs' Rule 60(b) motion is DENIED. (Dkt. #33).

DATED this 14th day of April, 2008.

_____
Mary H. Murgia
United States District Judge

- 4 -