**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| GEORGE M. PAPA, and DEBRA JO PAPA, husband and wife,<br><br>            Plaintiffs,<br><br>vs.<br><br>STATE OF ARIZONA, et al.,<br><br>            Defendants. | No. CV 06-3060-PHX-MHM<br><br>**ORDER** |

      The Court has received and considered Plaintiff's Amended Motion for Reconsideration of Order granting Defendants' Motion to Dismiss Case (Dkt. #39), Plaintiff's Renewed Motion for Recusal (Dkt. #40), Plaintiff's Renewed Motion for Summary Judgment (Dkt. #41), and Defendants' Motion to Strike (Dkt. #42).

      "Because of the pending appeal, the District Court [has] no jurisdiction to enter an order under Rule 60(b). The most the District Court [can] do [is] to either indicate that it would 'entertain' such a motion or indicate that it would grant such a motion." Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir. 1976), cert. denied, 429 U.S. 896 (1976). The Court has already indicated that it will not entertain or grant a motion for reconsideration under Rule 60(b). See dkt. #37. As such, the Court does not retain jurisdiction to entertain Plaintiffs' subsequent motion for reconsideration.

      Further, even if the Court were to reconsider its previous rulings, reconsideration is only appropriate if: (1) the Court is presented with newly discovered, previously

1  unavailable, evidence; (2) the Court committed a clear error of law and the initial decision
2  was manifestly unjust; or (3) there has been an intervening change in controlling law.
3  Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc., 5 F.3d 1255, 1262 (9th Cir.
4  1993); United States ex rel Conveyor Rental & Sales Co. v. Aetna Casualty and Surety
5  Co., 1991 WL 495733, *1 (D.Ariz. 1991).  A motion for reconsideration may not be used
6  to re-litigate old matters or to raise arguments or present evidence that could have been
7  raised prior to entry of judgment.  See, e.g., Fed. Deposit Ins. Agency v. World Univ.,
8  978 F.2d 10, 16 (1st Cir. 1992); accord Backlund, 778 F.2d at 1388; 1 Wright, Miller, &
9  Kane, Federal Practice and Procedure: Civil 2d § 2810.1 at 127-28.
10      Plaintiffs do not allege that the controlling law has changed since the Court
11 rendered its initial decision.  Rather, Plaintiffs argue that the Court erred in its
12 interpretation of both the law and the facts of this case.  See Dkt. #2, p.2.  Plaintiffs'
13 arguments merely reiterate the legal arguments set forth in their previous motion.
14 Plaintiffs are not entitled to reconsideration of those arguments.  See Backlund, 778 F.2d
15 at 1388.  Motions for reconsideration can not be used to ask the Court "to rethink what
16 the court has already thought through," merely because a plaintiff disagrees with the
17 Court's decision.  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101
18 (E.D. Va. 1983); See Refrigeration Sales Co., 605 F.Supp. at 8.  Such disagreements
19 should be dealt with in the normal appellate process, not on a motion for reconsideration.
20 Database Am., Inc., 825 F.Supp. at 1220; Refrigeration Sales Co., Inc., 605 F.Supp. at 7.
21      Plaintiffs appear to contend that the Court committed a clear error of law and that
22 its initial decision was manifestly unjust.  However, as previously stated in the Court's
23 April 15, 2008 Order denying Plaintiffs' Motion for Verification (Dkt. #37), the Court
24 disagrees.  In seeking reconsideration, Plaintiffs must show more than a mere
25 disagreement with the Court's decision.  Database Am., Inc., 825 F.Supp. at 1220;
26 Refrigeration Sales Co., Inc., 605 F.Supp. at 7.  Regardless, as stated above, the Court
27 lacks jurisdiction to enter an order under Rule 60 because of the pending appeal.  Crateo,
28 536 F.2d at 869; McManus v. District of Columbia, 545 F.Supp.2d 129, 133 (D.D.C.

2008) ("The district court does not regain jurisdiction over the aspects of the case involved in the appeal until the court of appeals issues its mandate."). In addition, as the case is closed, Plaintiff's motion for recusal and motion for summary judgment are inappropriate (as well as moot). Thus, the Court must deny the pending motions, and Plaintiffs must pursue their case on appeal before the United States Court of Appeals for the Ninth Circuit. Plaintiffs appear to understand this, as they state that their "frustration" is "strictly appellate in nature." (Dkt. #39, p.1). However, Plaintiffs continue to file motions before this Court. Per Crateo, the Court may not, and will not, consider any further motions unless directed to do so by the Ninth Circuit.

**Accordingly**,

**IT IS HEREBY ORDERED** denying Plaintiff's Amended Motion for Reconsideration (Dkt. #39), Plaintiff's Renewed Motion for Reconsideration (Dkt. #40), and Plaintiff's Renewed Motion for Summary Judgment (Dkt. #41).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Strike (Dkt. #42) to the extent discussed in this order.

**IT IS FURTHER ORDERED** based on the foregoing discussion that the Court will summarily deny any further motions filed in this case unless directed otherwise by the United States Court of Appeals for the Ninth Circuit.

DATED this 10th day of September, 2008.

_____
Mary H. Murguia
United States District Judge